<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

KENEFFER JULIO ALVES VIEIRA,

Petitioner,

v.

LUIS SOTO, *et al.*,

Respondents.

Case No. 2:26-cv-07335 (BRM)

**OPINION**

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Keneffer Julio Alves Vieira's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 arguing his detention violates his constitutional rights. (ECF No. 1.) Respondents filed a letter answer (ECF No. 6), and Petitioner replied (ECF No. 7). Having reviewed and considered the parties' submissions filed in connection with the Petition, and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b), for the reasons set forth below, Petitioner's Petition is **DENIED**.

## I.    BACKGROUND

Petitioner, a citizen of Brazil, unlawfully entered the United States on or about May 27, 2021. (ECF No. 1 at 11.) United States Border Protection processed Petitioner for Expedited Remvoal with a credible fear claim. (ECF No. 6 at 1.) On July 19, 2021, Petitioner was issued a Notice to Appear ("NTA"), which informed Petitioner he was scheduled for a hearing before an immigration judge ("IJ") on August 9, 2021. (ECF No. 6-2.)

Petitioner was paroled and was granted a transfer of his immigration case to the Immigration Court in Newark, New Jersey. (ECF No. 6 at 1; ECF No. 6-3.) The documentation indicating a grant of change of venue was returned to sender as not deliverable as addressed. (*See* ECF No. 7-2 at 2.) Petitioner failed to appear for his removal hearing. (ECF No. 6 at 1.) As a result, on February 15, 2022, an IJ ordered Petitioner removed *in absentia*. (*Id.* at 1–2; ECF No. 6-4.) On June 14, 2026, Immigration and Customs Enforcement ("ICE") officers arrested and detained Petitioner. (ECF No. 6 at 2.)

On June 18, 2026, Petitioner filed the Petition now before the Court challenging his detention under 8 U.S.C. § 1231(a). (ECF No. 1.) Petitioner argues his detention violates his Fifth Amendment substantive and procedural due process rights. (*See id.* at 17–20.) Respondents filed an answer (ECF No. 6), and Petitioner replied (ECF No. 7).

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on Petitioner to show he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

**III.    DECISION**

In the Petition, Petitioner argues his detention under 8 U.S.C. § 1231(a) violates his Fifth Amendment substantive and procedural due process rights. (ECF No. 1 at 17–20.) Petitioner argues he was not aware of the order of removal *in absentia* and Respondents have failed to provide Petitioner with the complete administrative record. (*See* ECF No. 1; *see also* ECF No. 7.)

Petitioner has a final order of removal. The record shows that in February 2022, Petitioner was ordered remove *in absentia* by an IJ. (ECF No. 6-4.) Petitioner's *in absentia* removal order is, by statute, a final order of removal. *See* 8 U.S.C. § 1229a(b)(5); *Matter of Guzman*, 22 I. & N. Dec. 722, 722–23 (B.I.A. 1999). Petitioner has been subject to a final order of removal since that time. Section 1231 states in relevant part that "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas*, 533 U.S. at 683 ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (citation omitted)).

The removal period begins on the latest of the following:

(i)  The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order.

(iii) If the [noncitizen] is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). Here, Petitioner's 90-day mandatory "removal period" concluded May 16, 2022, 90 days after his order of removal became administratively final on February 15, 2022. 8 U.S.C. § 1231(a)(1)(B)(i).

ICE is not required to release the noncitizen once the removal period has expired, but "[d]ue process rights may be implicated where . . . there is no significant likelihood of removal in the reasonably foreseeable future." *Cepeda v. I.N.S.*, 273 F. Supp. 2d 222, 224 (E.D.N.Y. 2003) (citing *Zadvydas*, 533 U.S. at 701). In *Zadvydas,* the Supreme Court held that post-removal-order detention becomes constitutionally suspect only when it is prolonged beyond a presumptively reasonable six-month period and removal is not reasonably foreseeable. 533 U.S. at 701 (establishing a six-month presumption of reasonableness for post-removal-order detention).

Petitioner's detention—measured from his June 15, 2026 detention—falls far short of six months, rendering his claim premature. Additionally, Petitioner "has not made an initial showing in this matter that his removal is not likely in the reasonably foreseeable future, and he therefore cannot show that his continued detention under § 1231(a) is unlawful." *Calle Guaman v. Soto*, Civ. A. No. 26-1783, 2026 WL 811353, at *2 (D.N.J. Mar. 24, 2026).

Additionally, this Court lacks jurisdiction to consider whether Petitioner's detention is impermissible because of inadequacies with the notice received regarding his 2022 final order of removal. This Court cannot participate in, or facilitate, a review of the merits of a removal order. Instead, "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions," related to a removal order is exclusively available with the Court of Appeals after a final removal order has been issued. *See* 8 U.S.C. § 1252(a)(5), (b)(9) (observing that no court shall have jurisdiction to review a final order of removal by any habeas corpus provision). "[W]hen [noncitizens] can get review later—by litigating before an immigration

4

judge, the Board of Immigration Appeals, and then by way of a [petition for review] to a court of appeals—they must do so." *Khalil v. President, United States*, 164 F.4th 259, 274 (3d Cir. 2026).

Finally, Petitioner argues Respondents have failed to produce Petitioner's entire administrative record. Petitioner argues the documents would relate to Petitioner's initial release from custody, his compliance with Department of Homeland Security ("DHS") reporting requirements, and the procedural history underlying the *in absentia* removal order. (*See* ECF No. 7 at 2–3.) The Court construes Petitioner's argument as a request for discovery.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). However, in 1976, the Supreme Court promulgated, and Congress adopted the Rules Governing § 2254 Cases—Rule 6(a) of which provides that:

> A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

*Bracy*, 520 U.S. at 904; *see also Levi v. Holt*, 192 F. App'x 158, 162 (3d Cir. 2006) (noting Rule 6(a) applies equally to cases brought under 28 U.S.C § 2241 as it does to cases brought under 28 U.S.C. § 2254 by nature of Rule 1 (b)). Rule 6(a) was designed to be consistent with the Supreme Court's decision in *Harris v. Nelson*, 394 U.S. 286 (1969), which set forth that "it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry" "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief[.]" *Bracy*, 520 U.S. at 908–09 (quoting *Harris*, 394 U.S. at 300). Yet, even if the petitioner satisfies the "good cause" standard and is entitled to discovery as a result, "the scope of discovery is subject to a district court's sound discretion." *Williams v. Beard*, 637 F.3d 195, 209 (3d Cir. 2011).

Here, Respondents produced the documents necessary to show that an IJ issued an *in absentia* final order of removal in Petitioner's name in February 2022. Petitioner argues the documents he seeks would relate to Petitioner's initial release from custody, his compliance with DHS reporting requirements, and the procedural history underlying the *in absentia* removal order. As explained above, this Court does not have jurisdiction to adjudicate Petitioner's claims relevant to the notice he received regarding his removal order or the decision to detain Petitioner to effectuate his removal. *See* 8 U.S.C. §§ 1252(b)(9), (g). Because the Court lacks jurisdiction to review Petitioner's arguments regarding the decision to detain him and the notice he received in 2022, Petitioner is unable to establish good cause for further discovery.

## IV.    CONCLUSION

For the reasons expressed above, Petitioner's § 2241 Petition (ECF No. 1) is **DENIED**. An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: July 24, 2026